

IN THE UNITED STATES
COURT OF FEDERAL CLAIMS



FILED

MAY 2 4 2006

U.S. COURT OF
FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERISTAR FINANCIAL SERVICING COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CASE NO.** |
| | ) | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | ) | **06 - 424 C** |
| | ) | |
| Defendant | ) | |

## COMPLAINT

### Preliminary Statement

This Complaint is based upon a breach of contract and the taking of property in violation

of the Fifth Amendment of the United States Constitution by the Defendant, the FEDERAL

DEPOSIT INSURANCE CORPORATION ("FDIC"). The FDIC stands as a defendant through

its own actions, and through the actions of: the Servicing Division (the "Servicing Division") of

Superior Federal Bank FSB ("Superior Bank"), then held and operated in receivership by the

FDIC; and Superior Federal FSB ("Superior Federal"), then held in a conservatorship by the

FDIC.

*First*, a contract exists between the FDIC and the Plaintiff, AMERISTAR FINANCIAL

SERVICING COMPANY, LLC ("Ameristar Financial"). Pursuant to this contract, the FDIC,

through the actions of Superior Federal, sold outstanding loans, to Ameristar Financial. The

value of these outstanding loans was in excess of $300,000, and the FDIC approved this contract

for this sale. The FDIC then breached the contract, through the actions of the Servicing Division

of Superior Bank, by forgiving these loans and by agreeing to discharge and issue a satisfaction

for a judgment on these loans in exchange for the settlement of a second, unrelated loan owed by the same debtor.

*Second,* the FDIC took a debt that it had previously sold to Ameristar Financial and used it, destroying its value, to compromise and settle an unrelated loan being serviced by Superior Bank, without compensating Ameristar Financial. This conduct violates the Takings Clause of the Fifth Amendment of the U.S. Constitution.

## Jurisdiction

1. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1491(a).

2. This Complaint is based upon (a) a contract made by Superior Federal, FSB, when it was under the conservatorship of the Federal Deposit Insurance Corporation (the "FDIC"), and the FDIC approved the contract; and (b) a taking, in violation of the Fifth Amendment of the U.S. Constitution, by the Servicing Division of Superior Bank, FSB, then in receivership and under the control of the FDIC.

## The Parties

3. Plaintiff, Ameristar Financial Servicing Company, LLC ("Ameristar Financial"), is a Delaware corporation, with its principal place of business in Libertyville, Illinois.

4. At all times pertinent to this Complain, Richard E. Wonderlic ("Richard E. Wonderlic" or "Mr. Wonderlic") was an employee and President of the Plaintiff, Ameristar Financial.

2

5.  Defendant, Federal Deposit Insurance Corporation, is an independent agency of the federal government. The FDIC was created in 1933 and has its headquarters in Washington, in the District of Columbia.

**Superior Bank and Superior Federal**

6.  At all times pertinent to this Complaint, Superior Bank, FSB ("Superior Bank") was a federal savings bank, with its principal place of business in Hinsdale, Illinois.

7.  On July 27, 2001, Superior Bank was closed by Office of Thrift Supervision ("OTS"), and the FDIC was named Receiver of Superior Bank.

8.  On or about July 27, 2001, Superior Federal, FSB ("Superior Federal") was created as a federal mutual savings bank, with its principal place of business in Hinsdale, Illinois.

9.  On July 27, 2001, all insured deposit accounts of Superior Bank were transferred by the FDIC to Superior Federal, and the OTS appointed the FDIC as Conservator of Superior Federal.

10.  At all times pertinent to this Complaint, the Servicing Division of Superior Bank (the "Servicing Division") was a part of Superior Bank, with its principal place of business in Orangeburg, New York.

11.  At all times pertinent to this Complaint, beginning on or about July 27, 2001, the Servicing Division of Superior Bank acted as the servicing agent for Superior Federal.

**The Suarez Loan Pool**

12. Prior to July 27, 2001, Superior Bank made nine loans (the "Suarez Loan Pool") to NFL Industries and Joseph Suarez in the aggregate amount of $304,566.53. These loans were

3

secured by nine assets identified by the following asset numbers: 0900747981, 0900748021, 0900748120, 0900748179, 0900748252, 0900748286, 0900748328, 0900748344, and 0900748401.

13. On February 17, 2000, the Servicing Division of Superior Bank filed a lawsuit against NFL Industries and Joseph Suarez in Superior Court of New Jersey, in Bergen County, demanding satisfaction for the promissory notes secured by the nine assets identified above. The style of the lawsuit was *Superior Bank FSB, Servicing Division v. NFL Industries and Joseph Suarez*, Civil Action No. Ber L 1488-00.

14. On September 13, 2001, a judgment, No. J-261780-2001 ("the Judgment"), was entered on behalf of the Servicing Division of Superior Bank against NFL Industries and Joseph Suarez, in the amount of $304,566.53 plus costs of the suit.

**The Sale of the Suarez Loan Pool to Ameristar Financial**

15. Effective November 26, 2001 (the "Closing Date"), Superior Federal entered into a contract (the "Ameristar Contract") whereby it agreed to "sell, assign, transfer and convey to" Ameristar Financial "all the right, title and interest of Seller, as of the Closing Date, in and to each" loan in the Suarez Loan Pool. Ameristar Contract § 2.1.

16. Pursuant to the Ameristar Contract, Superior Federal agreed that all loan payments arising from the Suarez Loan Pool received by Superior Federal Bank on or after "the Calculation Date" belonged to Ameristar Financial. Ameristar Contract § 2.2.

17. The Calculation Date for the Ameristar Contract is November 8, 2001. Ameristar Contract § 1.13.

18. The FDIC, (a) acting as Conservator of Superior Federal, approved the Ameristar Contract; and (b) "acting in its Receivership capacity as Receiver for Superior Bank, FSB," executed a Limited Power of Attorney appointing Richard Wonderlic as Attorney-in-Fact for the FDIC" and granted to Mr. Wonderlic "full power to act individually in the name, place and stead of the FDIC" for the following limited purposes:

> [t]o execute, acknowledge and deliver to Ameristar Financial Servicing Company, LLC, assignments and transfers of any and all mortgages; deeds of rust; security agreements; collateral assignments; UCC financing statements, forms and continuations; liens; judgments lines and executions; and all other documents constituting security (collectively, "Collateral Instruments") for any of the Notes and Loans which were transferred by the FDIC to the Purchaser pusuant to a general assignment . . . .

19. This Limited Power of Attorney was executed December 20, 2001, and expressly specified that it was effective as of November 14, 2001 and until November 14, 2003, "unless otherwise terminated by any official of the FDIC authorized to do so by the Board of Directors of FDIC . . . ."

## Count I
## (Breach of Contract)

20. The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs one through nineteen of this Complaint, and further charges:

21. At all times pertinent to this Complaint, the FDIC, having approved the Ameristar Contract, was liable for breaches of that contract.

22. Beginning on July 27, 2001, and thereafter at all times pertinent to this Complaint, the FDIC, as Receiver for Superior Bank, was in control of, and responsible for, the actions of the Servicing Division of Superior Bank.

5

### The LaSalle Loan

23. At all time pertinent to this Complaint, the Servicing Division of Superior Bank acted as the servicing agent for the LaSalle National Bank Association ("LaSalle Bank") in the matter of an outstanding loan between the LaSalle Bank and Joseph Suarez and Elizabeth Suarez (the "LaSalle Loan").

24. The LaSalle Loan was not related to any loans in the Suarez Loan Pool.

### The Settlement of the Suarez Loan Pool

25. On or about November 30, 2001, the Servicing Division of Superior Bank settled the Suarez Loan Pool and the LaSalle Loan (the "Settlement") by, in part, accepting $550,000 from Joseph and Elizabeth Suarez (the "Settlement Amount").

26. As part of the Settlement, and in exchange for and upon receipt of $550,000, the Servicing Division of Superior Bank agreed (the "Agreement"): (a) to forgive the outstanding loans in the Suarez Loan Pool, and (b) to a discharge and satisfaction of the Judgment, No. J-261780-2001, in the amount of $304,566.53.

27. By letter dated November 30, 2001, the Servicing Division of Superior Bank memorialized the Agreement with Joseph and Elizabeth Suarez concerning, among other matters, the disposition of the loans in the Suarez Loan Pool and the disposition of the Judgment. In pertinent part, this Agreement provided that:

> In addition, [with] the payment of the aforesaid $550,000.00[,] the judgment #J-261780-2001 entered October 15, 2001 by Superior Bank FSB in the amount of $304,566.53 issued against Joseph and Elizabeth Suarez and NFL Industries shall be discharged and a satisfaction of judgment shall be issued upon receipt of the aforesaid amount of $550,000. This will release the parties of any and all liability associated with Superior Bank FSB and LaSalle Bank National Association, with the understanding that the $100,000 mortgage being signed by Joseph Suarez and Donna Bello being held by the lender Superior Bank FSB will be the only obligation

6

28. On behalf of Joseph Suarez, the law firm of Greco & Gess, P.C. presented a check in the amount of $550,000, dated November 30, 2001, to Superior Bank. This check was deposited by the Servicing Division of Superior Bank on December 7, 2001.

## The Breach of Contract

29. Pursuant to the Ameristar Contract § 2.2, the portion of the Settlement Amount arising from the settlement of the Suarez Loan Pool ("the Suarez Settlement Amount") received by the Servicing Division, acting as the servicing agent for Superior Federal Bank, belonged to Ameristar Financial.

30. Pursuant to the Ameristar Contract § 2.2, the FDIC has a duty under the Ameristar Contract to turn over the Suarez Settlement Amount to Ameristar Financial, or to cause the Servicing Division of Superior Bank to turn over the Suarez Settlement Amount to Ameristar Financial.

31. The FDIC breached its duty and breached the Ameristar Contract by not turning over the Suarez Settlement Amount to Ameristar Financial, and by not causing Superior Bank's Servicing Division to turn over the Suarez Settlement Amount to Ameristar Financial. This breach of contract continues to this

32. By letter dated April 13, 2003, Ameristar Financial demanded that the FDIC cure its breach of the Ameristar Contract by paying to it the Suarez Settlement Amount.

33. By letter dated May 18, 2005, the FDIC refused Ameristar Financial's demand.

34. By additional letters to the FDIC, Ameristar Financial appealed the FDIC's initial refusal of Ameristar Financial's demand; and the FDIC denied this appeal.

35. Ameristar Financial has exhausted its administrative remedies.

36. Ameristar Financial fulfilled all its duties, responsibilities and obligations under the Ameristar Contract, acting in good faith at all times; and is willing and able to continue to do so.

37. As a direct and proximate result of the FDIC's breach of contract, Ameristar Financial suffered actual damages.

## Count II
### (Breach of Contract and the Covenant of Good Faith and Fair Dealing)

38. The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs one through nineteen, and paragraphs twenty-one through twenty-four of this Complaint, and further charges:

### The Implied Covenant of Good Faith and Fair Dealing

39. At all times pertinent to this Complaint, beginning on November 27, 2001, the cooperation of the FDIC and the Servicing Division of Superior Bank was necessary for Ameristar Financial to perform under the Ameristar Contract and to recognize the benefit of its bargain, that is, to collect the amount owed by Joseph Suarez and NFL Industries on the loans in the Suarez Loan Pool.

40. At all times pertinent to this Complaint, the Servicing Division of Superior Bank and the FDIC had an implied obligation of act in good faith and to deal fairly with Ameristar Financial, this being to cooperate with the efforts of Ameristar Financial to collect the amount owed by Joseph Suarez and NFL Industries on the loans in the Suarez Loan Pool.

## The Breach of the Covenant of Good Faith and Fair Dealing

41.  On or about November 30, 2001, the Servicing Division of Superior Bank settled the LaSalle Loan by, in part, accepting $550,000 from Joseph and Elizabeth Suarez (the "Settlement").

42.  The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs twenty-six through twenty-eight of this Complaint, and further charges:

43.  The FDIC, acting through the Servicing Division of Superior Bank, breached the covenant of good faith and fair dealing with Ameristar Financial by not cooperating with Ameristar Financial's efforts to recognize the benefit of its bargain, that is, the FDIC forgave the outstanding loans in the Suarez Loan Pool.

44.  The FDIC, acting through the Servicing Division of Superior Bank, breached the covenant of good faith and fair dealing with Ameristar Financial by not cooperating with Ameristar Financial in its efforts to recognize the benefit of its bargain, that is, the FDIC agreed to a discharge and satisfaction of Judgment, No. J-261780-2001, in the amount of $304,566.53.

45.  The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs thirty-two through thirty-six of this Complaint, and further charges:

46.  As a direct and proximate result of the FDIC's breach of the covenant of good faith and fair dealing under the Ameristar Contract, Ameristar Financial has suffered actual damages.

## Count III
## (Unconstitutional Taking)

47.  The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs one through nineteen, paragraphs twenty-two through twenty-four, paragraphs twenty-six through twenty-eight, and paragraph forty-one of this Complaint, and further charges:

48.  At all times pertinent to this Complaint, the Fifth Amendment of the United States Constitution forbade the taking of private property for public use without just compensation.

49.  Beginning on July 27, 2001, and at all times pertinent to this Complaint, Superior Bank was in Receivership of the FDIC.

50.  At all times pertinent to this Complaint, upon information and belief, the Servicing Division of Superior Bank generated fees from its servicing of loans on behalf of lending institutions other than Superior Bank, including LaSalle Bank.

51.  At all times pertinent to this Complaint, while Superior Bank was in receivership of the FDIC, the purpose for the servicing of loans by the Servicing Division, on behalf of lending institutions other than Superior Bank, was a public purpose, this being to generate fees and thereby maximize the net, present value return on the assets of Superior Bank.

52.  At all times pertinent to this Complaint, while Superior Bank was in receivership of the FDIC, the purpose for the servicing of the LaSalle Loan by the Servicing Division was a public purpose, this being to generate fees and thereby maximize the net, present value return on the assets of Superior Bank.

53. Effective November 26, 2001, Ameristar Financial had the right to exclude all others from "all the right, title and interest . . . in and to each" loan in the Suarez Loan Pool.

54. Effective November 26, 2001, Ameristar Financial had the right to exclude all others from "all the right, title and interest" in the Judgment, No. J-261780-2001, in the amount of $304,566.53.

55. Effective November 30, 2001, the FDIC, acting through the Servicing Division of Superior Bank, took the Suarez Loan Pool by agreeing to forgive the outstanding loans in the Suarez Loan Pool.

56. Effective November 30, 2001, the FDIC, acting through the Servicing Division of Superior Bank, took the Judgment, No. J-261780-2001, by agreeing to a discharge and satisfaction of the Judgment in the amount of $304,566.53.

57. The aforesaid actions of the FDIC, in taking the Suarez Loan Pool and the Judgment, No. J-261780-2001, reduced and destroyed the value of the right, title and interest in the loans in the Suarez Loan Pool.

58. By letter dated April 13, 2003, Ameristar Financial demanded that the FDIC pay just compensation to Ameristar Financial for its taking of the Suarez Loan Pool and the Judgment.

59. The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs thirty-three through thirty-five of this Complaint, and further charges:

60. As a direct and proximate result of the FDIC's taking the Suarez Loan Pool and the Judgment, Ameristar Financial has suffered actual damages.

## Request for Relief

The Plaintiff, Ameristar Financial, hereby demands and seeks that judgment be entered in its favor, and against the Federal Deposit Insurance Corporation, as follows:

1. A monetary judgment in the amount of three hundred four thousand five hundred sixty-six dollars and fifty-three cents ($304,566.53), or any other amount found by this Court to be just;

2. Prejudgment interest on the foregoing amount at the lawful rate;

3. Postjudgment interest on any amounts awarded until paid;

4. All costs and expenses of this civil action, including reasonable attorneys' fees and expenses; and

5. For such other and further relief as this Court deems just and equitable.


Andrew Grosso (DC Bar No. 358326)
ANDREW GROSSO & ASSOCIATES
2121 K Street, NW, Suite 800
Washington, D.C. 20037
Telephone: (202) 261-3593
Facsimile: (202) 261-3595


Dated: May 24, 2006                          Attorneys for Ameristar Financial
                                             Servicing Company, LLC