No. 06-424C
Chief Judge Damich

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

AMERISTAR FINANCIAL SERVICING COMPANY, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S MOTION TO DISMISS, WITH ATTACHED APPENDIX

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

MARK A. MELNICK
Assistant Director

STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St. NW
Washington, D.C. 20530
Tele: (202) 616-2377
Steven.Mager@usdoj.gov

September 7, 2006

Attorneys for Defendant

# TABLE OF CONTENTS

**PAGE(S)**

STATEMENT OF THE ISSUE . . . . . 1

STATEMENT OF THE CASE . . . . . 1

STATEMENT OF FACTS . . . . . 2

ARGUMENT . . . . . 5

I. Standard Of Review . . . . . 5

II. The Court Lacks Subject Matter Jurisdiction Under The Tucker Act To Entertain Ameristar's Complaint . . . . . 5

CONCLUSION . . . . . 10

# TABLE OF AUTHORITIES

## CASES

**PAGE(S)**

AG Route Seven Partnership v. United States,
57 Fed. Cl. 521 (2003) . . . . . 8

Alder Terrace, Inc. v. United States,
161 F.3d 1372 (Fed. Cir. 1998) . . . . . 5

Ambase v. United States,
61 Fed. Cl. 794 (2004) . . . . . 8

Bogart v. United States,
209 Ct. Cl. 531 F.2d 988 (1976) . . . . . 7

Bowen v. United States,
49 Fed. Cl. 673 (2001), aff'd, 292 F.3d 1383 (Fed. Cir. 2002) . . . . . 5

Cienega Gardens v. United States,
194 F.3d 1231 (Fed. Cir.1998) . . . . . 10

Dynalectron Corp. v. United States,
4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984) . . . . . 5

Erickson Air Crane Co. v. United States,
731 F.2d 810 (Fed. Cir. 1984) . . . . . 10

Fidelity Construction Co. v. United States,
700 F.2d 1379 (Fed. Cir.), cert. denied, 464 U.S. 826 (1983) . . . . . 6

I.M. Frazier v. United States,
288 F.3d 1347 (Fed. Cir. 2002) . . . . . 8

McNutt v. General Motors Acceptance Corp.,
298 U.S. 178 (1936) . . . . . 5

O'Melveny & Myers v. Federal Deposit Insurance Corporation,
512 U.S. 79 (1994) . . . . . 7, 8

Trauma Serv. Group v. United States,
104 F.3d 1321 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Mitchell,
445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

United States v. Sherwood,
312 U.S. 584 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

**STATUTES**

12 U.S.C. § 1821(c)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 9

12 U.S.C. § 1821(d)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

12 U.S.C. § 1821(d)(2)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

12 U.S.C. § 1821(d)(2)(E) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

12 U.S.C. § 1821(d)(6)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AMERISTAR FINANCIAL SERVICING COMPANY, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-424C (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to RCFC 12(b)(1), defendant respectfully requests that the Court dismiss plaintiff's complaint for lack of subject matter jurisdiction. In support of defendant's motion, we rely upon the complaint and its attachments and the following brief and its attachments.

## STATEMENT OF THE ISSUE

Whether this Court possesses jurisdiction over plaintiff's claim against the United States for the actions of the Federal Deposit Insurance Corporation as receiver or conservator for a failed bank.

## STATEMENT OF THE CASE

On or about May 24, 2006 plaintiff Ameristar Financial Servicing Company, LLC ("plaintiff" or "Ameristar"), filed a complaint against the Federal Deposit Insurance Corporation (the "FDIC"), with this Court, alleging three related counts. The case was recaptioned by the clerk to name the United States ("defendant" or the "Government") as defendant. Count one of plaintiff's complaint sought damages for breach of contract. Compl. ¶¶ 20-37. Count two of plaintiff's complaint sought damages for breach of the covenant of good faith and fair dealing.

Compl. ¶¶ 38-46. Count three of plaintiff's complaint sought damages for an unconstitutional taking. Compl. ¶¶ 47-60. Ameristar seeks a monetary judgment in the amount of $304,566.53, prejudgment and postjudgment interest, costs (including reasonable attorneys' fees and expenses), and any further relief deemed just and equitable. Compl. 12.

For the purposes of this motion, the Government will treat the factual allegations contained in the Complaint as true.

## STATEMENT OF FACTS[1]

Ameristar is a Delaware corporation with its principal place of business in Libertyville, Illinois. Compl. ¶ 3.

Superior Bank, FSB ("Superior Bank") was a Federal savings bank, with its principal place of business in Hinesdale, Illinois. Compl. ¶ 6. On July 27, 2001, Superior Bank, FSB, was closed by the Office of Thrift Supervision ("OTS") and the FDIC was named Receiver of Superior Bank. Compl. ¶ 7. On or about July 27, 2001, Superior Federal, FSB ("Superior Federal"), was created and Superior Bank's insured deposit accounts were transferred by the FDIC to Superior Federal. Compl. ¶¶ 8-9. The OTS appointed the FDIC Conservator of Superior Federal. Compl. ¶ 9. See 12 U.S.C. § 1821(c)(6). During the conservatorship, Superior Federal continued its activities, including loan sales.

Prior to Superior's failure, Superior made 9 loans to NFL Industries and Joseph Suarez (the "Suarez Loan Pool") totaling $304,566.53 which were secured by 9 assets (autos and

[1] For the purposes of this motion, defendant will treat the allegations of Ameristar's complaint as true. In the event that this Court does not grant defendant's motion to dismiss the complaint, the United States reserves the right to contest the individual allegations of the complaint.

trucks). Compl. ¶ 12. On February 17, 2000, the Servicing Division of Superior Bank filed a lawsuit against NFL Industries and Joseph Suarez in Superior Court, Bergen County, New Jersey, demanding satisfaction on the promissory notes secured by the 9 assets. Compl. ¶ 13; Def. App. 1-8.[2] On September 13, 2001, a judgment was entered on behalf of Superior Bank's Servicing Division for the full amount and costs. Compl. ¶ 16; Def. App. 9. On October 15, 2001, this judgment was recorded as a lien. Def. App. 9.

On November 27, 2001, Superior Federal executed a retail installment loan purchase agreement with Ameristar (the "Agreement") – with an effective (or "Closing") date of November 26, 2001. Compl. ¶ 15. See Def. App. 10-45. Pursuant to this agreement, Superior Federal sold to Ameristar over 6,000 outstanding auto and truck loans with deficiencies or judgments, including the 9 loans in the Suarez Loan Pool. Def. App. 45. Section 2.1 of the Agreement states: "Seller agrees to sell, assign, transfer, and convey to the Buyer… all the right, title and interest of Seller, as of Closing Date (11/26/01) in and to each Loan in the Loan Pool(s)." Compl. ¶ 15; Def. App. 18. Section 2.2 states: "All loan payments received by Seller on or after the Calculation Date (here, 11/8/01) shall belong to the Buyer." Compl. ¶ 15; Def. App. 18. The FDIC, as Conservator of Superior Federal, approved this purchase and sale contract with Ameristar. Compl. ¶¶ 18-19.

On November 30, 2001, the Litigation Department of Superior Federal's Servicing Division, as the agent for LaSalle National Bank, N.A. settled an outstanding mortgage (unrelated to the loans in the Suarez Loan Pool) that Joseph and wife Elizabeth Suarez had with LaSalle Bank. See Def. App. 46. The letter memorializing this agreement (the "LaSalle"

---

[2] "Def. App. __" refers to the appendix attached to defendant's motion to dismiss.

agreement) states that as servicing agent for LaSalle, Superior "agrees to accept $550,000… as satisfaction of the … loan to be paid no later than November 30, 2001." Id. The letter also states: "In addition, the payment of the aforesaid $550,000.00 the judgment #J-261780-2001 entered October 15, 2001 by Superior Bank FSB in the amount of $304,566.53 issued against Joseph and Elizabeth Suarez and NFL Industries shall be discharged and a satisfaction of judgment shall be issued upon receipt of the aforesaid amount of $550,000.00. This will release the parties of any and all liability associated with Superior Bank FSB and LaSalle Bank… with the understanding that the $100,000.00 mortgage being signed by Joseph Suarez and Donna Bello being held by the lender Superior Bank…dated 9/10/01 and signed on 11/20/01 will be a lien placed against the…premises and will be the only obligation owed to Superior…and LaSalle…" Id.

On or about April 30, 2002, Superior Federal was closed under the conservatorship and placed into receivership. The receivership remains open. See Def. App. 47-50.

On April 13, 2005, Ameristar requested payment from the FDIC of $304,566.53. Compl. ¶ 32. This claim was denied on May 18, 2005.[3] Compl. ¶ 33. On November 21, 2005, Ameristar requested reconsideration of the FDIC's decision, and on December 2, 2005, the FDIC denied this request. Compl. ¶ 34. On or about May 24, 2006, Ameristar filed a complaint against the FDIC with this Court.

---

[3] Instead, the FDIC offered to repurchase the assets, pursuant to section 7.1 of the Agreement. Def. App. 27-28. Ameristar rejected this offer.

## ARGUMENT

### I. Standard of Review

For the purposes of determining whether or not to grant a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), the non-jurisdictional factual allegations of the complaint will be presumed true and read in the light most favorable to the plaintiff, but the burden of establishing the Court's jurisdiction nevertheless will remain squarely with the plaintiff. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998); Trauma Serv. Group v. United States, 104 F.3d 1321, 1324 (Fed. Cir. 1997); Bowen v. United States, 49 Fed. Cl. 673, 675 (2001) (noting that the plaintiff bears the burden of proof upon a motion to dismiss for lack of jurisdiction), aff'd, 292 F.3d 1383 (Fed. Cir. 2002). Jurisdiction in this Court must be construed strictly and all conditions placed upon such a grant must be satisfied before the Court may accept jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980).

### II. The Court Lacks Subject Matter Jurisdiction Under The Tucker Act To Entertain Ameristar's Complaint

Ameristar's asserted claims lie against the FDIC in its capacity as conservator and receiver and/or Superior Federal, not the United States. Accordingly, we respectfully request that Ameristar's complaint be dismissed for lack of jurisdiction.

This Court is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984) (table). The Court's jurisdiction to entertain claims and to grant relief depends upon, and is circumscribed by, the extent to which the United States has waived its sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976).

The waiver of sovereign immunity, and hence the consent to be sued, must be expressed unequivocally and cannot be implied. Id. Jurisdiction in this Court must be construed strictly and all conditions placed upon such a grant must be satisfied before the Court may accept jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980). As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fidelity Construction Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir.), cert. denied, 464 U.S. 826 (1983).

In this Court, consent to suit is generally based upon the Tucker Act, 28 U.S.C. § 1491. Testan, 424 U.S. at 397. Pursuant to this statute, sovereign immunity is waived only with respect to "claim[s] against the United States" that are "founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added).

Thus, in order to maintain suit in this Court, plaintiff must present a claim against the United States. The United States Supreme Court has explained that

> [I]t has been uniformly held, upon a review of the statutes creating the [United States] [C]ourt [of Federal Claims] and defining its authority, that its jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court, or if its maintenance against private parties is prerequisite to prosecution of the suit against the United States the suit must be dismissed.

United States v. Sherwood, 312 U.S. 584, 588 (citations omitted). See also Bogart v. United States, 209 Ct. Cl. 208, 531 F.2d 988, 991 (1976) ("[I]f the relief sought is against others than the United States, it is not within the jurisdiction of this Court.").

Ameristar's claims lie against the FDIC as conservator and receiver, however, not the United States. The complaint was captioned by plaintiff as "Ameristar Financial Servicing Company, LLC, Plaintiff, v. Federal Deposit Insurance Corporation, Defendant." Compl. 1. Ameristar asserted that its claims were based upon "(a) a contract made by Superior Federal, FSB, when it was under the conservatorship of the Federal Deposit Insurance Corporation (the "FDIC"), and the FDIC approved the contract; and (b) a taking, in violation of the Fifth Amendment of the U.S. Constitution, by the Servicing Division of Superior Bank, FSB, then in receivership and under the control of the FDIC." Compl. 2. On its face, the FDIC as receiver and conservator for Superior Federal, and not the United States, is the proper defendant to Ameristar's suit.

More specifically, Ameristar asserts that, pursuant to the Agreement, the FDIC has a contractual duty to Ameristar to turn over a portion of the proceeds received in connection with the LaSalle Agreement. Compl. ¶ 29. While the FDIC did not sign the Agreement, Def. App. 32, Ameristar asserts that the FDIC approved the Agreement as conservator for Superior Federal, and executed a limited power of attorney as receiver for Superior Federal. Compl. ¶ 18. Ameristar also asserts that the FDIC has breached the covenant of good faith and fair dealing when Superior Federal entered into the LaSalle Agreement. Compl. ¶ 43. Ameristar claims that the FDIC forgave the Suarez Loan Pool obligations and failed to give Ameristar the "benefit of

its bargain" pursuant to the Agreement. Finally, Ameristar asserts a taking claim, based upon the actions of the FDIC as receiver. Compl. ¶¶ 49-52.

The United States Supreme Court, however, has stated that "the FDIC is not the United States" when acting in its capacity as a receiver for a failed bank. O'Melveny & Myers v. Federal Deposit Insurance Corporation, 512 U.S. 79, 85 (1994). In reaching this conclusion, the Supreme Court focused upon the language of title 12, section 1821(d)(2)(A), which provides, in pertinent part, that:

> The Corporation shall, as conservator or receiver, and by operation of law, succeed to--
> (I) all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution; and
> (ii) title to the books, records, and assets of any previous conservator or other legal custodian of such institution.

12 U.S.C. § 1821(d)(2)(A). The Supreme Court held that this language indicated that the FDIC, when acting as a receiver, "steps into the shoes" of the failed bank, and is acting on behalf of the thrift and its shareholders, not the United States. 512 U.S. at 86. See I.M. Frazier v. United States, 288 F.3d 1347, 1354 (Fed. Cir. 2002); Ambase v. United States, 61 Fed. Cl. 794, 796-97 (2004); AG Route Seven Partnership v. United States, 57 Fed. Cl. 521, 534 (2003) (When acting as receiver, "the FDIC's attendant role herein is tantamount to that of a private party, and not the government per se."). See also 12 U.S.C. § 1821(d)(6)(A) (claims against receiver) ("the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district

within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim").

While the Supreme Court's opinion focused upon the FDIC acting in its capacity as a receiver, the same logic applies when the FDIC is acting in its capacity as a conservator. Title 12, section 1821(d)(2)(A), upon which the Supreme Court relied, explicitly references the FDIC acting "as conservator or receiver." Pursuant to title 12, section 1821(d)(2), the difference in the FDIC's role as a conservator, as opposed to a receiver, is that as conservator, the FDIC may

> take such action as may be--
> (I) necessary to put the insured depository institution in a sound and solvent condition; and
> (ii) appropriate to carry on the business of the institution and preserve and conserve the assets and property of the institution.

12 U.S.C. § 1821(d)(2)(D). Whereas as a receiver the FDIC additionally may

> place the insured depository institution in liquidation and proceed to realize upon the assets of the institution, having due regard to the conditions of credit in the locality.

12 U.S.C. § 1821(d)(2)(E).

Finally, the conclusion that this Court does not possess jurisdiction over Ameristar's claims is further buttressed by the Agreement upon which all of Ameristar's claims are based.

Neither the FDIC nor the United States was a signatory to the Agreement.[4] Further, Section 10.9 provides that

> **Venue.** Buyer and Seller each hereby irrevocably and unconditionally agree that any legal action arising under or in connection with the sale, this Agreement or the transactions contemplated hereby are to be instituted in the United States District Court in and for the District of Columbia.

Def. App. 32. Ameristar's claim is premised upon the Agreement, and the Agreement provides that any legal action is to be instituted in Federal district court.

Accordingly, this Court lacks jurisdiction over Ameristar's claims against the United States.

## CONCLUSION

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

---

[4] The Government only consents to be sued for contract claims in this Court by those with whom it has privity of contract. See Cienega Gardens v. United States, 194 F.3d 1231, 1239 (Fed. Cir.1998) (citing Erickson Air Crane Co. v. United States, 731 F.2d 810, 813 (Fed. Cir. 1984)). Strictly speaking, however, this is not a privity of contract issue. Privity of contract typically arises in the context of a plaintiff seeking to assert a contract claim against the United States pursuant to an agreement between the United States and a third party. In the present case, the United States was not a party to the contract; Ameristar and Superior Federal were the parties to the contract.

/s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377
steven.mager@usdoj.gov

September 7, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 7th day of September 2006, a copy of the foregoing "Defendant's Motion To Dismiss" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice

# **A P P E N D I X**

# INDEX TO APPENDIX


| **DOCUMENT** | **PAGE(S)** |
| --- | --- |
| Complaint, Superior Bank, FSB v. NFL Industries & Joseph Suarez, (February 17, 2000) | 1-8 |
| Judgment, Superior Bank, FSB v. NFL Industries & Joseph Suarez, (September 13, 2001) (recorded as lien October 15, 2001) | 9 |
| Retail Installment Loan Purchase Agreement by Superior Federal Bank, FSB & Ameristar Financial Servicing Company, LLC (November 27, 2001) | 10-45 |
| Letter from Kevin Lynch, Litigation Department, Superior Bank, FSB to Carl Marinecco re: Acct: 800287070 (November 30, 2001) | 46 |
| Superior Bank, FSB receivership financial sheet | 47-50 |