EICHENBAUM, KANTROWITZ, LIEPE & SULKO, L.L.C. EKLG NO: 99003850
140 SYLVAN AVENUE - PO BOX 660
ENGLEWOOD CLIFFS, NJ 07632-0660
201-302-5100
Attorneys for Plaintiff

FILED FEB 17 2000

| | |
|---|---|
| SUPERIOR BANK FSB, SERVICING DIVISION<br>Plaintiff<br>-vs-<br>NFL INDUSTRIES and JOSEPH SUAREZ<br>Defendant(s) | DOCKET NO: Ber-L 1488-00<br>SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>BERGEN COUNTY<br>CIVIL ACTION<br>*COMPLAINT* |

Plaintiff, **SUPERIOR BANK FSB, SERVICING DIVISION**, whose business address is 1 Ramland Road Orangeburg, NY 10962, complaining of Defendant(s) **NFL INDUSTRIES and JOSEPH SUAREZ**, says:

## COUNT ONE

1. On or about March 31, 1998, Defendant(s) executed a Promissory Note for a 1992 Freightliner .

2. Plaintiff is the holder of the aforementioned Promissory Note .

3. Among other things, the aforementioned Promissory Note provides that, in the event of default, Plaintiff may declare the entire balance immediately due and payable and to avail itself of all the rights and remedies of a secured party as set forth in said agreement and the Uniform Commercial Code.

4. As a result of the Defendant(s)' default, Plaintiff, was compelled to repossess the aforementioned vehicle.

5. The aforementioned 1992 Freightliner was sold at auction in due compliance and accordance with Article 9 of the Uniform Commercial Code.



P.03 Apr 8 2005 15:42 Fax:2013681435

6. There remains due and owing to the Plaintiff, SUPERIOR BANK FSB, SERVICING DIVISION a deficiency balance in the sum of $20,463.62.

7. Demand for payment has been made, but has gone without heed.

8. Plaintiff may have other accounts which concern this Defendant but which accounts are not the subject matter--to the knowledge of Plaintiff's attorneys--of any pending action at this time.

**WHEREFORE,** Plaintiff, **SUPERIOR BANK FSB, SERVICING DIVISION,** demands Judgment against the Defendant(s), **NFL INDUSTRIES and JOSEPH SUAREZ**, in the amount of $22,577.98, together with interest, attorneys fees and costs of suit.

## COUNT TWO

1. On or about March 31, 1998, Defendant(s) executed a Promissory Note for a 1994 Volvo WIA64TE.

2. Plaintiff is the holder of the aforementioned Promissory Note.

3. Among other things, the aforementioned Promissory Note provides that, in the event of default, Plaintiff may declare the entire balance immediately due and payable and to avail itself of all the rights and remedies of a secured party as set forth in said agreement and the Uniform Commercial Code.

4. As a result of the Defendant(s)' default, Plaintiff, was compelled to repossess the aforementioned vehicle.

5. The aforementioned 1994 Volvo WIA64TE was sold at auction in due compliance and accordance with Article 9 of the Uniform Commercial Code.

6. There remains due and owing to the Plaintiff, **SUPERIOR BANK FSB, SERVICING DIVISION** a deficiency balance in the sum of $23,062.18.

7. Demand for payment has been made, but has gone without heed.

8. Plaintiff may have other accounts which concern this Defendant but which accounts are not the subject matter--to the knowledge of Plaintiff's attorneys--of any pending action at this time.

**WHEREFORE,** Plaintiff, **SUPERIOR BANK FSB, SERVICING DIVISION,** demands Judgment against the Defendant(s), **NFL INDUSTRIES and JOSEPH SUAREZ**, in the amount of $25,418.40, together with interest, attorneys fees and costs of suit.



Fax:2013681435 Apr 8 2005 15:42 P.04

## COUNT THREE

1. On or about March 31, 1998, Defendant(s) executed a Promissory Note for a 1993 Peterbilt .

2. Plaintiff is the holder of the aforementioned Promissory Note .

3. Among other things, the aforementioned Promissory Note provides that, in the event of default, Plaintiff may declare the entire balance immediately due and payable and to avail itself of all the rights and remedies of a secured party as set forth in said agreement and the Uniform Commercial Code.

4. As a result of the Defendant(s)' default, Plaintiff, was compelled to repossess the aforementioned vehicle.

5. The aforementioned 1993 Peterbilt was sold at auction in due compliance and accordance with Article 9 of the Uniform Commercial Code.

6. There remains due and owing to the Plaintiff, **SUPERIOR BANK FSB, SERVICING DIVISION** a deficiency balance in the sum of $32,336.09.

7. Demand for payment has been made, but has gone without heed.

8. Plaintiff may have other accounts which concern this Defendant but which accounts are not the subject matter--to the knowledge of Plaintiff's attorneys—of any pending action at this time.

**WHEREFORE,** Plaintiff, **SUPERIOR BANK FSB, SERVICING DIVISION,** demands Judgment against the Defendant(s), **NFL INDUSTRIES and JOSEPH SUAREZ** , in the amount of $35,619.70, together with interest, attorneys fees and costs of suit.

## COUNT FOUR

1. On or about March 31, 1998, Defendant(s) executed a Promissory Note for a 1992 Kenworth 120 .

2. Plaintiff is the holder of the aforementioned Promissory Note .

3. Among other things, the aforementioned Promissory Note provides that, in the event of default, Plaintiff may declare the entire balance immediately due and payable and to avail itself of all the rights and remedies of a secured party as set forth in said agreement and the Uniform Commercial Code.

4. As a result of the Defendant(s)' default, Plaintiff, was compelled to repossess the aforementioned vehicle.

5. The aforementioned 1992 Kenworth 120 was sold at auction in due compliance and accordance with Article 9 of the Uniform Commercial Code.



Fax:2013681435 Apr 8 2005 15:42 P.05

6. There remains due and owing to the Plaintiff, **SUPERIOR BANK FSB, SERVICING DIVISION** a deficiency balance in the sum of $10,570.17.

7. Demand for payment has been made, but has gone without heed.

8. Plaintiff may have other accounts which concern this Defendant but which accounts are not the subject matter--to the knowledge of Plaintiff's attorneys--of any pending action at this time.

**WHEREFORE**, Plaintiff, **SUPERIOR BANK FSB, SERVICING DIVISION**, demands Judgment against the Defendant(s), **NFL INDUSTRIES** and **JOSEPH SUAREZ** , in the amount of $11,677.19, together with interest, attorneys fees and costs of suit.

**COUNT FIVE**

1. On or about March 31, 1998, Defendant(s) executed a Promissory Note for a 1993 Ford Aeromax 187.

2. Plaintiff is the holder of the aforementioned Promissory Note .

3. Among other things, the aforementioned Promissory Note provides that, in the event of default, Plaintiff may declare the entire balance immediately due and payable and to avail itself of all the rights and remedies of a secured party as set forth in said agreement and the Uniform Commercial Code.

4. As a result of the Defendant(s)' default, Plaintiff, was compelled to repossess the aforementioned vehicle.

5. The aforementioned 1993 Ford Aeromax 187 was sold at auction in due compliance and accordance with Article 9 of the Uniform Commercial Code.

6. There remains due and owing to the Plaintiff, **SUPERIOR BANK FSB, SERVICING DIVISION** a deficiency balance in the sum of $27,736.91.

7. Demand for payment has been made, but has gone without heed.

8. Plaintiff may have other accounts which concern this Defendant but which accounts are not the subject matter--to the knowledge of Plaintiff's attorneys--of any pending action at this time.



Fax:2013681435 Apr 8 2005 15:42 P.06

WHEREFORE, Plaintiff, **SUPERIOR BANK FSB, SERVICING DIVISION**, demands Judgment against the Defendant(s), **NFL INDUSTRIES** and **JOSEPH SUAREZ**, in the amount of $30,560.60, together with interest, attorneys fees and costs of suit.

## COUNT SIX

1. On or about March 31, 1998, Defendant(s) executed a Promissory Note for a 1993 Kenworth T600. VIN ?

2. Plaintiff is the holder of the aforementioned Promissory Note.

3. Among other things, the aforementioned Promissory Note provides that, in the event of default, Plaintiff may declare the entire balance immediately due and payable and to avail itself of all the rights and remedies of a secured party as set forth in said agreement and the Uniform Commercial Code.

4. As a result of the Defendant(s)' default, Plaintiff, was compelled to repossess the aforementioned vehicle.

5. The aforementioned 1993 Kenworth T600 was sold at auction in due compliance and accordance with Article 9 of the Uniform Commercial Code.

6. There remains due and owing to the Plaintiff, **SUPERIOR BANK FSB, SERVICING DIVISION** a deficiency balance in the sum of $29,769.86.

7. Demand for payment has been made, but has gone without heed.

8. Plaintiff may have other accounts which concern this Defendant but which accounts are not the subject matter--to the knowledge of Plaintiff's attorneys--of any pending action at this time.

WHEREFORE, Plaintiff, **SUPERIOR BANK FSB, SERVICING DIVISION**, demands Judgment against the Defendant(s), **NFL INDUSTRIES** and **JOSEPH SUAREZ**, in the amount of $32,796.85, together with interest, attorneys fees and costs of suit.

## COUNT SEVEN

1. On or about March 31, 1998, Defendant(s) executed a Promissory Note for a 1994 Kenworth W900.

2. Plaintiff is the holder of the aforementioned Promissory Note.

3. Among other things, the aforementioned Promissory Note provides that, in the event of default, Plaintiff may declare the entire balance immediately due and payable and to avail itself of all the rights and remedies of a secured party as set forth in said agreement and the Uniform Commercial Code.

4. As a result of the Defendant(s)' default, Plaintiff, was compelled to repossess the aforementioned vehicle.

5. The aforementioned 1994 Kenworth W900 was sold at auction in due compliance and accordance with Article 9 of the Uniform Commercial Code.

6. There remains due and owing to the Plaintiff, **SUPERIOR BANK FSB, SERVICING DIVISION** a deficiency balance in the sum of $35,631.05.

7. Demand for payment has been made, but has gone without heed.

8. Plaintiff may have other accounts which concern this Defendant but which accounts are not the subject matter--to the knowledge of Plaintiff's attorneys--of any pending action at this time.

**WHEREFORE,** Plaintiff, **SUPERIOR BANK FSB, SERVICING DIVISION,** demands Judgment against the Defendant(s), **NFL INDUSTRIES** and **JOSEPH SUAREZ** , in the amount of $39,244.16, together with interest, attorneys fees and costs of suit.

**COUNT EIGHT**

1. On or about March 31, 1998, Defendant(s) executed a Promissory Note for a 1992 Kenworth T600A .

2. Plaintiff is the holder of the aforementioned Promissory Note .

3. Among other things, the aforementioned Promissory Note provides that, in the event of default, Plaintiff may declare the entire balance immediately due and payable and to avail itself of all the rights and remedies of a secured party as set forth in said agreement and the Uniform Commercial Code.

4. As a result of the Defendant(s)' default, Plaintiff, was compelled to repossess the aforementioned vehicle.

5. The aforementioned 1992 Kenworth T600A was sold at auction in due compliance and accordance with Article 9 of the Uniform Commercial Code.

6. There remains due and owing to the Plaintiff, **SUPERIOR BANK FSB, SERVICING DIVISION** a deficiency balance in the sum of $21,284.55.

7. Demand for payment has been made, but has gone without heed.

8. Plaintiff may have other accounts which concern this Defendant but which accounts are not the subject matter--to the knowledge of Plaintiff's attorneys--of any pending action at this time.

**WHEREFORE,** Plaintiff, **SUPERIOR BANK FSB, SERVICING DIVISION,** demands Judgment against the Defendant(s), **NFL INDUSTRIES** and **JOSEPH SUAREZ** , in the amount of $23,463.01, together with interest, attorneys fees and costs of suit.



Fax:2013681435 Apr 8 2005 15:43 P.08

## COUNT NINE

1. On or about March 31, 1998, Defendant(s) executed a Promissory Note for a 1992 Volvo W1A64T.

2. Plaintiff is the holder of the aforementioned Promissory Note.

3. Among other things, the aforementioned Promissory Note provides that, in the event of default, Plaintiff may declare the entire balance immediately due and payable and to avail itself of all the rights and remedies of a secured party as set forth in said agreement and the Uniform Commercial Code.

4. As a result of the Defendant(s)' default, Plaintiff, was compelled to repossess the aforementioned vehicle.

5. The aforementioned 1992 Kenworth T600A was sold at auction in due compliance and accordance with Article 9 of the Uniform Commercial Code.

6. There remains due and owing to the Plaintiff, **SUPERIOR BANK FSB, SERVICING DIVISION** a deficiency balance in the sum of $26,753.79.

7. Demand for payment has been made, but has gone without heed.

8. Plaintiff may have other accounts which concern this Defendant but which accounts are not the subject matter--to the knowledge of Plaintiff's attorneys--of any pending action at this time.

**WHEREFORE,** Plaintiff, **SUPERIOR BANK FSB, SERVICING DIVISION,** demands Judgment against the Defendant(s), **NFL INDUSTRIES and JOSEPH SUAREZ**, in the amount of $29,479.17, together with interest, attorneys fees and costs of suit.

EICHENBAUM, KANTROWITZ, LEFF & GULKO, L.L.C.

By: ______________________
Michael F. Lamolino

DATED: February 14, 2000



P.09 Apr 8 2005 15:43 Fax:2013681435

# CIVIL CASE INFORMATION STATEMENT

(CIS)

Use for initial pleadings (not motions) under Rule 4:5-1

PAYMENT TYPE: CK CG CA

CHG / CK NO:

AMOUNT:

OVERPAYMENT:

| | | |
|---|---|---|
| ATTORNEY NAME<br>Richard Eichenbaum | TELEPHONE NUMBER<br>201-302-5100 | COUNTY OF VENUE<br>BERGEN |
| FIRM NAME (If Applicable)<br>EICHENBAUM, KANTROWITZ LEFF & GULKO, L.L.C. | | DOCKET NUMBER (When Available) |
| OFFICE ADDRESS<br>140 SYLVAN AVENUE - PO BOX 1660<br>ENGLEWOOD CLIFFS, N.J. 07632-0660 | | DOCUMENT TYPE: Complaint<br>JURY DEMAND / / YES /X/ NO |
| NAME OF PARTY (e.g. John Doe, Plaintiff)<br>SUPERIOR BANK FSB, SERVICINGDIVISION, Plaintiff | CAPTION<br>SUPERIOR BANK FSB, SERVICINGDIVISION v. NFL INDUSTRIES andJOSEPH SUAREZ | |

THE INFORMATION PROVIDED BELOW CANNOT BE INTRODUCED INTO EVIDENCE

CASE TYPE NUMBER (See reverse side for listing) 599

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY

CHECK IF APPLICABLE: ☐ PUNITIVE DAMAGES ☐ FRIENDLY HEARING SOUGHT ☐ DECLARATORY JUDGMENT ☐ TITLE 59 ☐ VERBAL THRESHOLD ISSUE ☐ MTF ☐ UNINSURED/UNDER INSURED MOTORIST ☐ RELATED CRIMINAL ACTION PENDING

COMPLEMENTARY DISPUTE RESOLUTION (CDR) DESIRED ☐ YES SPECIFY TYPE /X/ NO

PRESENT MEDICAL EXPENSES
☐ $4500 OR LESS ☐ MORE THAN $4500 IF MORE, DO YOU WISH TO SUBMIT CASE TO ARBITRATION? ☐ YES ☐ NO

CASE ASSESSMENT (Mandatory for DCM Counties) SUBTRACK ASSIGNMENT REQUESTED (See reverse side for more instructions)

| | | | |
|---|---|---|---|
| ☒ EXPEDITED (1) | ☐ PIP EXPEDITED | ☐ UM/UIM EXPEDITED | ☐ ARBITRATION |
| ☐ STANDARD (2) | ☐ PEROGATIVE WRITS EXPEDITED | ☐ COMPLICATED STANDARD | ☐ FORFEITURE |
| ☐ COMPLEX (3) | ☐ DECLARATORY JUDGMENT EXPEDITED | ☐ ASBESTOS | ☐ COMMERCIAL |

CASE DESCRIPTION: INCLUDE ANY SPECIAL CHARACTERISTICS THAT MAY WARRANT EXTENDED DISCOVERY OR ACCELERATED DISPOSITION.

This is a collection case arising out of a Promissory Note

DESCRIBE ALL PENDING ACTIONS RELATED TO THIS CASE, I.E. ARISING OUT OF THE SAME OCCURENCE OR TRANSACTION (Give docket number if known).

None known at this time.

Do you or your client have any needs under the Americans with Disabilities Act?

☐ YES ☒ NO IF YES, PLEASE IDENTIFY.

Will an interpreter be needed:

☐ YES ☒ NO IF YES, FOR WHAT LANGUAGE?

ESTIMATED NUMBER OF DAYS TO TRY THIS CASE

LIABILITY: ONE (1) DAMAGES: ONE (1)

ATTORNEY SIGNATURE:

Dated: February 14, 2000

P994

MICHAEL F. LAMOLINO



Fax:2013681435 Apr 8 2005 15:43 P.10