**SUPERIOR BANK FSB**
**HINSDALE, IL**
**Fund Number: 6004**
**Inception Date: 07/27/2001**

**Statement of Assets & Liabilities in Liquidation (unaudited)**
**For Period Ending: July 31, 2006**
**(Rounded in Dollars)**

| | Current Balance | Inception Balance |
|---|---|---|
| **Assets** | | |
| Cash and Investments | $ 87,351,371 | $ 0 |
| Receivables | 25,000 | 0 |
| **Assets in Liquidation** | | |
| Securities | 100,000 | 293,215,818 |
| Consumer Loans | 0 | 6,333,015 |
| Commercial Loans | 0 | 0 |
| Real Estate Mortgages | 2,275,716 | 423,513,967 |
| Other Assets/Judgments | 264,286,163 | 1,401,424,112 |
| Owned Assets | 1,594,598 | 55,296,330 |
| Net Investments in Subsidiaries | 0 | 0 |
| **Subtotal - Assets in Liquidation** | **$268,256,477** | **$2,179,783,243** |
| Less: Estimated Loss on Assets in Liquidation (Note 3) | (73,856,384) | 0 |
| Advances on Assets | 218,650 | 0 |
| **Total Assets** | **$281,995,115** | **$2,179,783,243** |
| | | |
| **Liabilities (Note 5)** | | |
| **Administrative Liabilities** | | |
| Accounts/Notes Payable | 10,059,359 | 0 |
| Suspense/Escrow Accounts | 477,926 | 0 |
| Due to FDIC for Service - Billed Expenses | 43,643 | 0 |
| Due to FDIC for Borrowed Funds | 0 | 0 |
| Estimated Litigation Losses - Probable (Note 7) | 0 | 0 |
| Other Contingent Liabilities (Note 5) | 23,699,167 | 0 |
| **Subtotal - Administrative Liabilities** | **$34,280,095** | **$0** |
| **Proven Depositor/Creditor Claims** | | |
| Due to FDIC for Subrogated Deposit Claims | 542,050,097 | 0 |
| Uninsured Deposit Claims Due Others | 18,765,327 | 0 |
| Other Creditor Claims | 41,413,485 | 0 |
| Estimated Interest on Claims (Note 6) | 0 | 0 |
| **Subtotal - Proven Depositor/Creditor Claims** | **$602,228,909** | **$0** |
| **Other Claims** | | |
| Estimated Federal Income Tax Liability (Note 10) | 0 | 0 |
| Other Subordinated Obligations | 0 | 0 |
| Liabilities at Inception - Unproven | 25,345,055 | 1,982,576,196 |
| **Subtotal - Other Claims** | **$25,345,055** | **$1,982,576,196** |
| **Total Liabilities** | **$661,854,059** | **$1,982,576,196** |
| | | |
| **Net Assets/(Deficit)** | | |
| Net Assets / (Deficit) At Inception | 197,207,046 | 197,207,046 |
| Premiums Received / (Paid) at Resolution | 0 | 0 |
| Asset - Related Equity Adjustments | (73,365,830) | 0 |
| Liability/Claims-Related Equity Adjustments | (385,345,496) | 0 |
| Income / Loss of the Liquidation Since Inception | (118,354,664) | 0 |
| **Total Net Assets/(Deficit)** | **($379,858,944)** | **$197,207,046** |
| **Total Liabilities and Net Assets/(Deficit)** | **$281,995,115** | **$2,179,783,243** |

Estimated additional litigation losses considered reasonably possible: (Note 7) $0

**The accompanying notes are an integral part of these financial statements.**

SUPERIOR BANK FSB
HINSDALE, IL
Fund Number: 6004
Inception Date: 07/27/2001

## Statement of Operations (unaudited)
## For Period Ending: July 31, 2006
## (Rounded in Dollars)

| | Year-to-Date | Inception-to-Date |
|---|---|---|
| **Liquidation Revenues** | | |
| Interest on Cash and Investments | $ 2,523,127 | $ 26,214,866 |
| **Interest and Late Fee Income on:** | | |
| Securities | 8,338 | 507,344 |
| Consumer Loans | 0 | 1,495 |
| Commercial Loans | 0 | 0 |
| Real Estate Mortgages | 112,301 | 2,394,526 |
| Other Assets and Judgments | 0 | 182,052 |
| Recoveries from Charged-Off Assets | 11,554 | 694,474 |
| Professional Liability / Litigation Recoveries | 17,362 | 94,911,801 |
| Other Miscellaneous Income | 80,962 | 4,650,256 |
| **Total - Liquidation Revenues** | **$2,753,643** | **$129,556,813** |
| **Liquidation Expenses** | | |
| **Operations** | | |
| **FDIC Service-Billed Expenses for: (Note 9)** | | |
| Marketing / Closing / Settlement | 0 | 1,886,076 |
| Oversight / Claims / Accounting | 92,578 | 2,988,813 |
| Asset Marketing / Management | 67,498 | 1,380,358 |
| Investigation and Others | 112,222 | 5,064,677 |
| Salaries and Indirect Costs (Note 9) | 0 | 5,247,525 |
| Asset Servicing-Related Expenses | 126,400 | 8,447,365 |
| Asset Sales-Related Expenses | 0 | 61,998 |
| Legal and Other Professional Fees | 133,404 | 5,963,628 |
| Travel and Other Liquidation Expenses | 39,974 | 3,553,779 |
| **Subtotal - Operating Expenses** | **$572,075** | **$34,594,219** |
| Interest on FDIC Borrowed Funds | 0 | 0 |
| Other Interest Expense | 0 | 637,273 |
| Litigation Losses | 0 | 913,767 |
| Loss on Contingent Liabilities | 129,768 | 820,948 |
| **Total Liquidation Expenses** | **$701,843** | **$36,966,207** |
| **Net Income/(Loss) from Operations** | **$2,051,800** | **$92,590,606** |
| **Net Income/(Loss)on Managed Assets** | | |
| Owned Assets | 152,387 | 144,385 |
| Net Investments in Subsidiaries | 0 | (37,511) |
| **Total Net Income/(Loss)on Managed Assets** | **$152,387** | **$106,874** |
| **Gain/(Loss) on Disposition of Assets** | | |
| Securities | 0 | 42,548 |
| Consumer Loans | 0 | (23,060) |
| Commercial Loans | 0 | (274,816) |
| Real Estate Mortgages | (1,142,397) | (21,040,660) |
| Other Assets / Judgments | 0 | (131,365,229) |
| Owned Assets | 0 | (48,409,594) |
| Net Investments in Subsidiaries | 0 | (9,981,333) |
| **Total - Gain/(Loss) on Disposition of Assets** | **($1,142,397)** | **($211,052,144)** |
| **Income/(Loss) of the Liquidation** | **$1,061,791** | **($118,354,664)** |

The accompanying notes are an integral part of these financial statements.

## Standard Footnotes to Receivership Financial Statements:

1. ***Basis of Accounting*** : The FDI Act authorizes the FDIC, as receiver for a failed insured depository institution ("Receivership"), to administer and conclude the affairs of such institution. Financial statement presentations are based on the premise that the assets of the receivership will be liquidated and proceeds distributed to the institution's creditors over time as provided by applicable laws and regulations. While a receivership's average lifespan is three to six years, some may require longer time frames to conclude. At the onset of a receivership, the failed institution's financial records are reviewed and restated to establish a new basis of accounting. The assets and liabilities of the failed institution are adjusted to remove all estimated losses, accruals, and deferrals. These adjustments include loss allowances; partial write downs; prepaid, deferred or accrued expenses having no recovery value; and accrued or deferred income. Restated balances are shown under the *Inception Balance* heading of the *Statement of Assets and Liabilities in Liquidation.* After inception, FDIC's liquidation valuation and measurement practices, as described more fully in the paragraphs that follow, are adopted for all assets and liabilities. In general, transactions are recorded when cash is received or disbursed. Accruals may be used when prospective cash flows are probable and reasonably estimated.

2. ***Use of Estimates*** : As appropriate, estimates of asset values, liabilities, revenues, and expenses are reflected in the financial statements. These amounts are updated over time to compensate for uncertainties inherent in the estimation process. As with the use of all estimates, actual results may differ.

3. ***Valuation of Assets/Loss Allowances*** : Assets of the receivership are shown at values representing cash on deposit or the book value of amounts invested; the principal balance of loans, notes, other debt instruments or receivables (note that interest on these assets is not accrued after failure but is recognized when received); the foreclosed value of real and/or personal property or the book value of assets (cost less depreciation or amortization through date of the institution's failure); and the historical cost of the net investment in subsidiaries, partnerships, or joint ventures, adjusted where appropriate to reflect the receivership's portion of the underlying net earnings or losses.

An Estimated Loss on Assets is provided when anticipated future asset disposition proceeds, including associated expenses, are less than recorded amounts. Future asset disposition proceeds are generally estimated by determining, via sampling or recent disposition activity, the recovery rates for similar assets across all receiverships. However, actual recovery rates for this receivership may differ according to the quality and type of individual asset, as well as over time with changing market conditions. Accordingly, the gains or losses ultimately realized for this receivership will likely vary from amounts estimated.

4. ***Contingent Recoveries*** : Assets of the receivership generally exclude potential collections from activities such as professional liability or other types of pending legal actions. Significant uncertainties prevent reasonable estimation of the amounts ultimately collectible. Instead, these recoveries are generally recognized when cash is received, or when the collection is probable and the amount collectible can be reasonably estimated.

5. ***Actual and Estimated Liabilities*** : The FDIC, as receiver, determines (allows/disallows) claims and distributes proceeds derived from the disposition of the failed institution's assets according to applicable state and federal law governing the payment of creditor claims. Recorded liabilities comprise 1) proven or pending (unproven) claims against the receivership estate, 2) various operating liabilities, and 3) estimates of other probable losses such as pending defensive litigation. Applicable law governing the payment priority of distributions may vary depending on the inception date of the receivership. Therefore, liabilities of the receivership estate are not ranked in order of preference or payment priority on the *Statement of Assets and Liabilities in Liquidation.*

6. ***Estimated Interest on Claims*** : Applicable law governs or directs the payment of post-insolvency interest to creditors holding proven claims against the receivership estate, including the claim(s) held by the FDIC in its Corporate capacity. Post-insolvency interest is the interest calculated and paid on proven creditor claims, under certain circumstances, after a receiver is

appointed. Uncertainties exist as to the universe of creditors whose claims will ultimately be allowed and whether creditors will receive the full principal amount of proven claims against the receivership estate or any post-insolvency interest. No distribution will be made to holders of equity interests until allowed creditor claims have been paid principal and post-insolvency interest in full. Generally, the estimated liability for the total amount of post-insolvency interest payable respective to creditor claims is recognized in these financial statements when at least 95% of the principal of proven creditor claims has been paid.

**7. *Reasonably Possible Litigation Losses*:** In addition to the amounts recorded for probable litigation liabilities, the FDIC Legal Division has determined that the receivership may be subject to reasonably possible losses from unresolved litigation. Reasonably possible losses differ from those which are probable in that there is a lesser likelihood of loss and payment from the receivership. As such, reasonably possible losses are not accrued in the accounts until the FDIC, through periodic review, determines either that the litigation settlement expense has been incurred or that the likelihood of loss has become probable. While not recognized in the *Statement of Assets and Liabilities in Liquidation*, FDIC management may use all or part of the estimate of reasonably possible litigation losses to determine the assets that must be retained by the receivership to satisfy these potential obligations. The amount of reasonably possible losses is shown at the bottom of the receivership's *Statement of Assets and Liabilities in Liquidation* as a separate disclosure. Further, receiverships may be subject to significant losses from cases where uncertainties prevent a reasonable assessment of the ultimate outcome and/or an estimate of the amount of loss which could result.

**8. *Non-Cash Equity Adjustments*:** Unrecorded assets and claims determined to have existed as of the institution's failure are deemed discovered assets and liabilities, respectively, and are recorded as non-cash equity adjustments. Other non-cash equity adjustments include the Estimated Loss on Assets in Liquidation, the Estimated Interest on Claims, as well as the write-off of remaining unpaid liabilities prior to the inactivation of a receivership. Note that certain non-cash equity adjustments such as the estimated loss on assets and probable litigation are reversed when they are recognized as liquidation transactions in the *Statement of Operations*.

**9. *FDIC Service-Billed Expenses (Statement of Operations)*:** FDIC personnel, who are employed by the FDIC in its Corporate capacity, are responsible for conducting all liquidation-related activities for FDIC receiverships. The FDIC in its Corporate capacity bills the receiverships for various liquidation services provided on their behalf. Since 2002, these receivership billings are calculated by multiplying the actual workload volume attributable to an individual receivership by the benchmark rate for the service provided. Benchmark rates are developed and periodically reviewed by FDIC management after considering empirical and industry data relevant to the service provided as well as an overhead component. These expenses are presented by service type under the *"FDIC Service-Billed Expenses"* section in the *Statement of Operations.*

Prior to 2002, the costs of FDIC-provided services were billed to receiverships in two components comprising 1) employee salaries based on actual labor hours directly attributable to an individual receivership and 2) indirect costs allocated amongst active receiverships based on liquidation activity, as reflected by each receivership's salary charges. Where applicable, these billed expenses are reflected as *"Salaries and Indirect Costs"* in the *Statement of Operations.*

**10. *Income Taxes*:** Federal tax law requires that receivers of corporations, including depository institutions for which the FDIC serves as receiver, continue to file federal income tax returns for the receiverships they manage. A receivership may therefore incur a federal income tax liability from activities that occur during the life of the receivership, as well as during pre-receivership periods. Payment of federal income taxes is deferred until higher priority claims are satisfied, but prior to any payment made to equity holders of the failed institution. Because of the contingent nature of these tax claims, federal income tax liabilities are generally not recognized in these financial statements unless circumstances indicate that there is a high probability that they will be paid. Federal law provides an exemption from income taxes imposed by any State or local taxing authority once FDIC is appointed as receiver.