# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERISTAR FINANCIAL SERVICING COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-424C |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Pursuant to Rule 7.1(c) of the Rules of the United States Court of Federal Claims ("RCFC") and this Court's order dated October 23, 2006, defendant, the United States respectfully replies to plaintiff's response to our motion to dismiss. In our initial motion to dismiss, we established that the Federal Deposit Insurance Corporation (the "FDIC"), acting in its capacity as conservator or receiver, is not the United States. Plaintiff's response fails to successfully rebut this argument. Accordingly, we respectfully request that this Court grant the United States' motion to dismiss.

### I. AMERISTAR FAILS TO ESTABLISH THAT THE FDIC, ACTING AS CONSERVATOR OR RECEIVER, WAS THE UNITED STATES

In our initial motion, we established that the FDIC is not the United States when it is acting in its capacity as a conservator or receiver for a failed thrift. O'Melveny & Myers v. Federal Deposit Ins. Corp, 512 U.S. 79, 85 (1994); I.M. Frazier v. United States, 288 F.3d 1347, 1354 (Fed. Cir. 2002); Ambase v. United States, 61 Fed. Cl. 794, 796-97 (2004); AG Route Seven Partnership v. United States, 57 Fed. Cl. 521, 534 (2003). See also 12 U.S.C. §§ 1821(d)(2)(A), (6)(A).

Ameristar argues that the present case is distinguishable from O'Melveny & Myers v. Federal Deposit Insurance Corporation, 512 U.S. 79, 85 (1994), because in the present case a new entity, Superior Federal, FSB ("Superior Federal"), was created by the Office of Thrift Supervision ("OTS") and Superior Bank's insured deposit accounts and other assets were transferred to this new entity. Ameristar argues, without providing any support or documentation for this claim, that this new entity was solely an agent of the FDIC. Ameristar's analysis, however, overlooks a crucial fact. At the same time that Superior Federal was created by OTS and the assets of Superior Bank were transferred to Superior Federal, the FDIC was appointed as conservator for Superior Federal. It is in this capacity that the FDIC would be acting in approving the retail installment loan purchase agreement. Contrary to Ameristar's argument, the new entity was not acting as an agent of the FDIC, rather, the FDIC was acting as the conservator of the new entity.

In any event, this argument is irrelevant to the question of whether or not the FDIC acting as conservator or receiver was the United States. Even assuming that plaintiffs could support their claim that Superior Federal was an agent of the FDIC, this does not mean that the FDIC acting as conservator or receiver was the United States. The FDIC's role with regard to Superior Federal was that of a conservator at the time of the retail installment loan purchase between Superior Federal and Ameristar, and the FDIC is presently the receiver for Superior Federal.[1] See Def. Supp. App. 1-2. As noted in our initial brief, when the FDIC is acting in its capacity as a receiver or conservator, the FDIC is not acting as an agent of the United States. Rather, the

[1] On May 31, 2002, the FDIC as conservator of Superior Federal was replaced with the FDIC as receiver of Superior Federal. Def. Supp. App. 1-2.

FDIC is acting as an agent of the bank's depositors and investors, and is much akin to a private party. 512 U.S. at 86; E.I. du Pont de Nemours & Co. v. Federal Deposit Ins. Corp, 32 F.3d 592, 595 (D.C. Cir.1994) (the FDIC as receiver "has a responsibility to marshal the assets of the bank and to distribute them to the bank's creditors and shareholders."). Accordingly, Ameristar's arguments that a new entity was formed might act to support its claim against the FDIC as conservator or receiver in Federal district court,[2] but has no bearing as to whether or not Ameristar may bring a claim against the United States in this Court.

Ameristar also might be arguing that the FDIC's actions as conservator or receiver should be construed against the FDIC in its corporate capacity. In approving this sale, however, the FDIC would be acting in the interests of the depositors and investors of the failed thrift, seeking to return the institution to solvency. As noted in our initial motion, the role of the FDIC as conservator is to maintain and protect the assets of a failed thrift, with the goal of either restoring the thrift to independent management or surrendering possession to a subsequently appointed receiver. 12 U.S.C. § 1821(d)(2)(D). In acting as either conservator (or receiver), the FDIC is administering a specific and limited pool of assets: the assets of the conservatorship (or receivership) estate. The distinction between the corporate and conservator/receivership functions is well set out by statute. 12 U.S.C. § 1821(d). See also E.I. du Pont de Nemours & Co., 32 F.3d at 595. Further, it is well settled that the FDIC in its corporate capacity is not liable

[2] On September 25, 2006, Ameristar filed suit against the FDIC, Superior Bank (with the FDIC as receiver), and Superior Federal (with the FDIC as conservator) in Federal district court. Def. Supp. App. 3-13. Because such suit was not filed against the United States, the filing of such suit does not appear to divest this Court of jurisdiction over Ameristar's complaint. See 28 U.S.C. § 1500 ("The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff ··· has pending in any other court any suit or process against the United States.")

for the debts of the FDIC acting in its capacity as conservator or receiver. See Maher v. Federal Deposit Ins. Corp., 441 F.3d 522, 525-26 (7th Cir. 2006). Accordingly, Ameristar's argument that the purported liability of Superior Federal must be construed against the FDIC in its corporate capacity, and, by connection, the United States should be rejected.

Alternatively, Ameristar attempts to recharacterize the retail installment loan purchase agreement between Superior Federal and Ameristar as a contract for services, in which Ameristar agreed to collect the delinquent loans from NFL Industries or Joseph Suarez for the FDIC. Pl. Resp. 13-14. This characterization, however, is contrary to the plain language of the agreement, as well as the allegations of the complaint. Compl. ¶¶ 15, 16. Specifically, section 2.1 of the agreement states: "Seller agrees to sell, assign, transfer, and convey to the Buyer… all the right, title and interest of Seller, as of Closing Date (11/26/01) in and to each Loan in the Loan Pool(s)." Compl. ¶ 15; Def. App. 18. Section 2.2 states: "All loan payments received by Seller on or after the Calculation Date (here, 11/8/01) shall belong to the Buyer." Compl. ¶ 15; Def. App. 18. Nothing in this language suggests that Ameristar was contracted by the FDIC to collect these loans. Indeed, if the contract at issue is a contract for the collection of the loans, Ameristar would have failed to perform its portion of the contract, since Ameristar does not and cannot claim that it has collected on the NFL Industries or Joseph Suarez loans.

Finally, in its response, Ameristar cites to no case law, statutes, or regulations that provides that the FDIC acting as conservator or receiver is the United States. Accordingly, we respectfully request that the Court dismiss Ameristar's complaint.

## II. AMERISTAR'S TAKINGS CLAIM IS NOT PRESERVED

Ameristar alleges in a footnote that the Government has not challenged its takings claim, only its contract claims. This statement is in error,[3] as the United States has not moved to dismiss only a part of Ameristar's complaint, but rather filed a general motion to dismiss, that specifically references Ameristar's taking claim.

If this Court finds that the FDIC, acting in its capacity as receiver or conservator, is not the United States, plaintiffs takings claim cannot be preserved. The only defendant against whom suit may properly be brought in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588-89 (1941); Bogart v. United States, 209 Ct. Cl. 208, 531 F.2d 988, 991 (1976); Matthews v. United States, 74 Fed. Cl. 274, 279 (2006); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003). "Claims for relief sought against any other party, including officers of the United States government and any other individual, 'must be ignored as beyond the jurisdiction of the court." Matthews v. United States, 74 Fed. Cl. at 279 (quoting Sherwood, 312 U.S. at 588).

## CONCLUSION

WHEREFORE, defendant requests that the Court enter judgment in its favor and order that the complaint be dismissed.

---

[3] Ameristar is correct to the extent that they argue that the Government's motion to dismiss does not currently raise any number of reasons (unrelated to the present motion) for the dismissal of Ameristar's takings claim. For example, the Government's motion did not raise the argument that Ameristar's claim should be properly analyzed as a contract claim, and not a takings claim. Hughes Communications Galaxy, Inc. v. United States, 271 F.3d 1060, 1070 (Fed. Cir. 2001). The Government, however, is not required to raise every possible defense it may possess in a motion to dismiss. In the event that this Court denies the Government's instant motion to dismiss, the Government respectfully reserves the right to raise such arguments, as may be appropriate, at a later date.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377
steven.mager@usdoj.gov

November 18, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 18th day of November 2006, a copy of the foregoing "Defendant's Reply to Plaintiff's Response to Motion To Dismiss" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice